IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| QUERONDE CHAISSON | § | |
| v. | § | CIVIL ACTION NO. 6:17cv14 |
| MICHAEL UNIT KITCHEN FOOD SERVICE STAFF, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>
OF THE UNITED STATES MAGISTRATE JUDGE<br>
AND ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF</u>

The Plaintiff Queronde Chaisson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Motion for Injunctive Relief**

Chaisson filed a motion for a temporary restraining order or preliminary injunction stating that the defendants are "terrorizing me by their reckless disregard for corn-product meals and peanut-product meals and their untrained staff that they employ as duty for their kitchen departments for administrative segregation building." He requested that the Court order the prison officials not to give him any foods containing corn products or sandwiches with peanuts or peanut butter.

Chaisson further requested that the Defendants administer training to uncertified food service staff to be aware of meals and know how to properly correct calories per substitution, and that the Defendants be ordered to employ food service staff certified to administer meals or be present to help the correctional staff be aware of meals per prisoner. He further asked that: the Court order the

1

meal cart door be labeled so as to make the officers aware that certain trays are for certain cells; a policy be created that fixes, changes, modifies, or corrects "allergy substitutional meals" and that the Defendants provide him with a documents to sign at each meal attesting that the tray served either was or was not in compliance with "allergy substitutional meal" standards.

In support of his motion, Chaisson asserts that his medical records from May of 2015 to January of 2016 show a history of injury from security, the untrained food service staffing officers, and the kitchen staff, but the warden's office did not correct or change the policy.

Chaisson also filed a motion to amend his motion for injunctive relief, stating that on March 30, 2017, he was placed on a meal restriction called food loaf, which contained corn, to which he is allergic. This restriction lasted until April 5, 2017. Over a week later, on April 14, 2017, he went to the medical department and received two shots for congestion of his lungs, vocal chords, and ears.

Chaisson stated that he is being treated for gastroesophageal reflux disease without esophagitis. He claims a history of seizures and asserts that he also has mental health diagnoses for major depressive disorder, dysthymic disorder, mood disorder, cannabis dependence, bipolar disorder, antisocial personality disorder, and borderline personality disorder.

## II. The Response to the Motion

The Attorney General for the State of Texas filed a response asserting that the Court lacks jurisdiction to enter a preliminary injunction because no defendants have been served or appeared in the case. The Attorney General argued that Chaisson did not meet the prerequisites for injunctive relief because he did not show a substantial likelihood that he would prevail on the merits nor a substantial risk of irreparable injury. The Attorney General contended that the last grievance to which Chaisson referred was in January of 2016 and there is no indication that Chaisson is in danger of imminent harm. Finally, the Attorney General maintained that Chaisson did not show that his requested relief is in the public interest because the orders he requests would cause a substantial burden on the prison officials.

**III. The Report of the Magistrate Judge**

In reviewing the standards applicable to temporary restraining orders or motions for preliminary injunctions, the Magistrate Judge stated that Chaisson did not allege, much less show, that he had a substantial likelihood of prevailing on the merits of his claims. The Magistrate Judge also concluded that Chaisson did not show a substantial risk of irreparable injury. Although Chaisson asserted that he was on food loaf from March 30 to April 5, 2017, he did not demonstrate that he suffered any harm resulting from this. He stated that he went to the clinic on April 14, nine days after the food loaf had ended. The Magistrate Judge stated that food allergies typically manifest themselves within minutes to several hours after eating the food to which one is allergic, and Chaisson did not show a connection between the food loaf and his visit to the infirmary over a week later.

The Magistrate Judge further determined that Chaisson did not show that his proposed injunction would not disserve the public interest because he did not show the type of extraordinary circumstances required to justify federal court interference with the day-to-day operations of the state prison. Thus, the Magistrate Judge recommended that the motion for injunctive relief be denied.

**IV. Chaisson's Objections**

In his objections, Chaisson argues that it is not burdensome or substantial for the food service kitchen staff to place their certified person to ensure that meals are placed out and that meals are given to the correct inmate. He states that the laundry room has a staff member come to the administrative segregation department to pass out clothing and this is not burdensome, substantial, or harmful. The medical department has a staff member come to administrative segregation to meet the needs of prisoners, and the law library makes deliveries in administrative segregation.

Chaisson contends that the Attorney General is just "stalking" [sic] and knows that Chaisson can prevail on his claims. He complains that the Attorney General has refused to allow disclosure so that Chaisson can support his claims and maintains that if the Attorney General can prove that

his health condition is wrong or false, or that he is misleading the Court, then he asks that his lawsuit be dismissed with prejudice.

Chaisson states that all bread served at the Michael Unit has corn flour and that the Defendants are the ones sending the meals to which he is allergic, which he claims is an act of intentional deliberate indifference, causing a "pervasive risk of harm to truly terrify me of death, an further deterioration of my health, and survival." He argues that it is not his fault if the Defendants lack the staff or the cost.

Next, Chaisson states that the Court can issue a restraining order before the Defendants are served because there is an emergency situation, which can be remedied by ordering wheat bread. He states that he has sought to be reasonable and respectful, but the problem occurs at each meal and he has no other way to feed himself.

In an attached declaration, Chaisson asserts that he has been incarcerated at the Michael Unit since November 30, 2016. On January 3 and January 9, 2017, he was placed on food loaf, which contained corn meal, corn flour, and corn syrup. No substitutions were provided.

On March 30, 2017, Chaisson was again placed on food loaf. He contends that these meals caused him to suffer lung congestion, vocal chord damages, itching, coughing, and breathing difficulty. He went to the infirmary and received two shots. In July of 2017, he received a medication called chlorpheneramine for allergic reactions.[1]

## V. Discussion

In order to obtain a temporary restraining order or preliminary injunction, the moving party must show: (1) a substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to the non-

---

[1] Chlorpheneramine, which is sold over the counter under the brand name of Chlor-Trimeton, is an antihistamine known in TDCJ-CID as "cold busters." *See Muldrow v. Berthot, et al.*, civil action no. 6:12cv460, 2012 WL 3991366 (E.D.Tex., September 11, 2012).

movant; and (4) that the granting of the preliminary injunction will not dis-serve the public interest. *DSC Communications Corporation v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

Preliminary injunctions are an extraordinary remedy and should only be granted if the movant "clearly carries" the burden of proof on all four prerequisites. The decision to grant a preliminary injunction is discretionary with the district court and reviewed on an abuse of discretion standard, and the granting of a preliminary injunction "is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621-22 (5th Cir. 1985).

The Magistrate Judge correctly determined that Chaisson did not clearly carry his burden of showing that he has a substantial likelihood of prevailing on the merits of his underlying lawsuit. He has not alleged injuries consistent with his claims of daily exposure to foods to which he is allergic; as the Magistrate Judge observed, food allergies normally manifest themselves within a few hours, but Chaisson did not go to the infirmary for nine days after his time on food loaf ended.

The Magistrate Judge also properly concluded that Chaisson has not shown a substantial threat of irreparable injury. He contends that he suffered congestion, itching, coughing, and breathing difficulty, for which he received shots in April and an over-the-counter cold medicine in July. He makes no showing that these symptoms represent a substantial risk of irreparable injury even assuming they could be traced to the food loaf which Chaisson was fed over a period ending nine days earlier.

Likewise, Chaisson has not shown that his proposed injunctive relief would not disserve the public interest. He seeks specific and detailed orders representing a high degree of interference in the day-to-day operations of the state prison, and the Magistrate Judge correctly stated that federal district courts should avoid becoming "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606, *citing Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Chaisson's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 27) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for preliminary injunction or temporary restraining order (docket no. 10) and motion to amend motion for preliminary injunction or temporary restraining order, construed as an amended motion for preliminary injunction or temporary restraining order (docket no. 11) are **DENIED**.

**So Ordered and Signed**
**Aug 29, 2017**

_____
Ron Clark, United States District Judge